(July 9, 1984)

■ In the Matter of WAYNE P. SMITH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on March 11, 1968 and maintains an office for the practice of law in the City of Schenectady. In this

proceeding to discipline him for professional misconduct, petitioner moves to confirm the report of the referee to whom the issues were referred. The motion is opposed. ¶ The petition contains 11 charges of professional misconduct. The referee sustained all charges, finding that respondent commingled and temporarily converted clients' funds on 10 occasions (charges Nos. I through X) and issued checks that were returned for insufficient funds (charge No. XI). The evidence in the record supports the findings of the referee. ¶ It was respondent's custom to deposit his own moneys, as well as moneys belonging to clients, in his escrow account. Thereafter he admittedly drew checks against the escrow account for his personal use which caused the balance of the account to intermittently fall below the amounts he owed and ostensibly held in trust for his clients. Such actions constituted commingling and conversion. As to charges Nos. I, III and VII, respondent contended before the referee that his clients knew of his use of their funds and consented thereto. As to charge No. II, he urged that the moneys paid to him were in the nature of attorney's fees and, as to charge No. IV, he contended that his client had authorized him to use funds received from a third party with the agreement of the latter. Except for respondent's testimony, no evidence was offered to support these contentions and they were properly rejected by the referee. ¶ Respondent has attached to his affidavit in opposition to petitioner's motion to confirm the referee's report statements from clients that tend to corroborate his contentions as to charges Nos. I through IV and VII. However, these statements were not introduced at the hearing before the referee. Respondent had ample opportunity to either call his clients or produce these statements at the hearing and may not be allowed at this late date to, in effect, reopen the hearing. Moreover, we note that these statements do not address the allegations of commingling and conversion set forth in charges Nos. V, VI, VIII, IX or X. Accordingly, petitioner's motion to confirm the report of the referee is granted. ¶ In determining the appropriate sanction for respondent's misconduct, we note in partial mitigation that he cooperated fully with petitioner, has no prior record of disciplinary action and did not intend to permanently deprive any client of his money. We also note that no monetary loss was sustained by any of the clients involved. Under all the circumstances, we have determined that respondent should be suspended from the practice of law for a period of six months. ¶ Respondent suspended for a period of six months, effective immediately. Order entered. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.